B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>MARC ANTHONY CHAVAREE and<br>REBECCA CHUMLEY CHAVAREE, | **DEFENDANTS**<br>MYBUSINESSLOAN.COM, LLC, |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Heather W. Culp, Essex Richards, P.A.<br>1701 S. Boulevard, Charlotte, NC 28203   P:(704)377-4300 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☒ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
11 U.S.C. Sec. 727 and N.C.G.S. Sec. 1-245 to enforce the discharge of the Debtor and obtain notation of discharge as to a judgment.

### NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☒ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR: Marc Anthony Chavaree and wife Rebecca Chumley Chavaree | BANKRUPTCY CASE NO. 16-30865 | | |
| DISTRICT IN WHICH CASE IS PENDING Western District | DIVISION OFFICE Charlotte | NAME OF JUDGE Whitley | |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. | |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE | |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) *[signature: Heather W. Culp]* | | | |
| DATE 1.9.17 | PRINT NAME OF ATTORNEY (OR PLAINTIFF) Heather W. Culp | | |

### INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| In Re: | ) | Bankruptcy Case No. 16-30865 |
| | ) | |
| MARC ANTHONY CHAVAREE and | ) | Chapter 7 |
| REBECCA CHUMLEY CHAVAREE, | ) | |
| | ) | |
| Debtors. | ) | |
| | ) | |
| MARC ANTHONY CHAVAREE, | ) | Adversary Proceeding No. 17-3____ |
| | ) | |
| Plaintiff, | ) | **COMPLAINT** |
| | ) | |
| v. | ) | |
| | ) | |
| MYBUSINESSLOAN.COM, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

THE PLAINTIFF, complaining of the Defendant, alleges and says:

1. This action is brought pursuant to 11 U.S.C. §727 and N.C.G.S. §1-245 to enforce the discharge of the Debtor and obtain a notation of discharge as to a judgment.

2. The Plaintiff is a Debtor in the above-captioned bankruptcy case.

3. Upon information and belief, the Defendant is a corporation authorized to do business in the State of North Carolina.

4. Prior to the filing of this case, the Defendant obtained a judgment that is recorded in the office of the Clerk of Superior Court for Mecklenburg County.

5. The Defendant's judgment is dated July 29, 2015 and is recorded in the office of the Clerk of Court for Mecklenburg County, North Carolina, bearing file number 14-CVS-23552 for $213,098.45 plus interest and costs against Marc Anthony Chavaree (and not his spouse) and Triangle Networks, Inc. d/b/a Accent Renovations.

6. The Plaintiff filed this bankruptcy case on May 24, 2016.

7. The Plaintiff duly scheduled the Defendant on Schedule F as a creditor. The schedule indicated the location where the Defendant's judgment was recorded and the date of the judgment.

8. The Defendant's judgment may have attached to the following real property in which the Plaintiff had an ownership interest: 8500 Brookstead Drive, Charlotte, NC (Plaintiff owns an undivided one-half interest with the co-debtor as a joint tenant with right of survivorship). The Plaintiff did not claim any exemption in the real property located at 8500 Brookstead Drive, Charlotte, NC, and does not seek in this action to avoid any lien against that property as a result of the Defendant's judgment.

9. The Defendant's judgment had not attached to the Plaintiff's personal property, or to his interest in real property located at 1333 Heather Lane, Charlotte, NC, which he owns with the co-debtor, his wife, as a tenants by the entirety.

10. The Plaintiff's discharge has been granted in this case.

11. The Plaintiff seeks a judicial decree that the Defendant's judgment as to him, individually and *in personam*, was discharged upon entry of his discharge in this bankruptcy. The relief that the Plaintiff seeks does not include any effect on the judgment, *in rem*, as to the real property located at 8500 Brookstead Drive, Charlotte, NC. Further, the Plaintiff does not seek to affect the judgment against Triangle Networks, Inc. d/b/a Accent Renovations.

WHEREFORE, the Plaintiff prays that a judgment be entered certifying the discharge, individually and *in personam* only, of Defendant MyBusinessLoan.com, LLC's judgment against him, upon entry of his discharge in this case.

This the ___9___ day of January, 2017.

_____
Heather W. Culp
NC Bar No. 30386
Attorney for Plaintiff Marc Anthony Chavaree
Essex Richards, P.A.
1701 South Boulevard
Charlotte, North Carolina 28203
Telephone: (704) 377-4300
Facsimile: (704) 372-1357
E-mail: hculp@essexrichards.com

2